UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL RIZZO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 03 C 4528 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| WHEATON POLICE DEPARTMENT, et al. | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION & ORDER**

Joseph M. Rizzo brought this action against Maximilian Wilson, Neil Weldschmidt, Richard Janske, and William Cooley (collectively, "the Officers"), all of whom are police officers employed by the City of Wheaton. Rizzo alleges that the Officers violated his civil rights in connection with an arrest and several incidents of "harassment." Liberally construed, Rizzo's complaint states causes of action for false arrest, unlawful seizure of personal property, and malicious prosecution, pursuant to 42 U.S.C. § 1983 and Illinois state law. This matter comes before the court on the Officers' motion for summary judgment.

### **I. BACKGROUND**

On June 30, 2003, Rizzo filed a *pro se*[1] complaint against the "Wheaton Police Department." A summons and copy of the complaint was served on "Officer Miller," an "Officer in Charge" at the City of Wheaton Police Department. Rizzo did not identify the Officers anywhere in his complaint, either as named defendants or in the descriptive

---

[1] On four separate occasions the court has appointed counsel to represent Rizzo. (*See* Doc. Nos. 12, 15, 74, 90.) All four attorneys have since withdrawn, at least three of them over disagreements with Rizzo on how best to litigate this case. (*See* Doc. Nos. 14, 17, 79, 92, 114 ¶ 18.) Rizzo is currently litigating *pro se*, but has had counsel available to him through much of this case.

factual allegations section. The court did not issue, nor did Rizzo request, summons to be served on the Officers.

On February 13, 2004, Rizzo filed an amended complaint, this time against "Wheaton Police Officers." (Doc. No. 13.) The Officers are identified in the body of the amended complaint as the individuals responsible for violating Rizzo's civil rights. (*Id.*) Rizzo alleges that he was wrongfully arrested by the Officers and falsely charged with aggravated battery, of which Rizzo was ultimately acquitted at trial. (*Id.*) Rizzo also describes various incidents of "harassment" by the Wheaton police, including the unlawful seizure of Rizzo's bicycle. (*Id.*)

The Officers filed a motion for summary judgment based on the statute of limitations[2], seeking dismissal of Rizzo's false arrest, unlawful seizure, and malicious prosecution claims. (Doc. No. 61.) Rizzo opposes summary judgment, but agrees with the Officers as to all facts relating to the motion.

It is undisputed that Rizzo was arrested for aggravated battery on July 16, 2001. It is likewise undisputed that Rizzo was acquitted of the aggravated battery charge on September 12, 2001.[3] The Parties also agree that the Wheaton police seized Rizzo's bicycle in connection with his July 16, 2001 arrest (Doc. Nos. 103 Ex. J, 64 ¶ 16), and that the bicycle was returned to Rizzo on October 3, 2001. Rizzo has not been arrested, prosecuted, nor had any property seized by the Wheaton police since October 3, 2001.

## II. LEGAL STANDARD

---

[2] The Officers moved for summary judgment on other grounds as well, but in light of Rizzo's *pro se* status briefing is limited to the statute of limitations issue. (Doc. No. 113.)

[3] The Officers initially claimed that Rizzo was acquitted on October 3, 2001. (Doc. No. 103 ¶¶ 9-10.) As Rizzo correctly points out, the Officers' exhibits indicate that Rizzo was acquitted on September 12, 2001. (Doc. 114 ¶¶ 9-10.) Since the Officers do not contest the earlier acquittal date (presumably because it benefits their statute of limitations argument), the court will consider September 12, 2001 as the undisputed date of Rizzo's acquittal.

Summary judgment is warranted where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c)(2); *see also Brengettcy v. Horton*, 423 F.3d 674, 680 (7th Cir. 2005). All facts, and any reasonable inferences to be drawn from them, must be viewed in the light most favorable to the non-moving party. *Wis. Cent., Ltd. v. Shannon*, 539 F.3d 751, 756 (7th Cir. 2008). Normal burdens of proof remain, however. A plaintiff must set forth facts establishing genuine issues of fact regarding each of the elements essential to its claim, or summary judgment will be entered in favor of the defendant. *See Beard v. Banks*, 548 U.S. 521, 529-30 (2006); *see also Johnson v. ExxonMobil Corp.*, 426 F.3d 887, 892 (7th Cir. 2005).

## III. ANALYSIS

The Officers argue that the complaint against the Officers was filed after the statute of limitations had run on Rizzo's claims. Rizzo does not seriously dispute this, but argues that his complaint against the Officers relates back to his initial complaint against the Wheaton Police Department.

### A.     Statute of Limitations

As a threshold matter, the Officers are correct that Rizzo's claims against them were filed after the applicable statutes of limitation had run.

"The statute of limitations applicable to claims under 42 U.S.C. § 1983 in Illinois is the same two-year provision which governs personal injury actions in the state." *Evans v. City of Chi.*, 434 F.3d 916, 934 (7th Cir. 2006). "While state law determines the length of the limitations period, federal law determines the date of accrual of the cause of

3

action." *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005) (quoting *Kelly v. City of Chi.*, 4 F.3d 509, 511 (7th Cir.1993)). "[A] claim for false arrest under § 1983 accrues at the time of the arrest." *Foryoh v. Triton Coll.*, 197 Fed. Appx. 500, 501 (7th Cir. 2006). Likewise, a claim for unlawful seizure of property accrues when the property is seized. *See Hameed v. Lambert*, No. 94 C 7570, 1996 WL 65996, at *2 (N.D. Ill. Feb. 12, 1996). A claim for malicious prosecution may accrue as early as the date of plaintiff's arrest, but no later than plaintiff's acquittal, depending on the particulars of the case. *Compare Prince v. Campbell*, 314 F. Supp. 2d 793, 795 (N.D. Ill. 2004) (holding that statute of limitations on section 1983 malicious prosecution action began to run on date of arrest) *with Henderson v. Vill. of Dixmoor*, 99 F. Supp. 2d 940, 943 (N.D. Ill. 2000) (holding that statute of limitations on section 1983 malicious prosecution action began to run on date of acquittal).

Rizzo's section 1983 claims for false arrest and unlawful seizure of property accrued on July 16, 2001 (the date of his arrest), and expired two years later on July 16, 2003. Rizzo's claim for malicious prosecution accrued on September 12, 2001 (the date of his acquittal), and expired on September 12, 2003. Rizzo, however, did not file a complaint naming the Officers until February 13, 2004. (Doc. No. 13.) Thus, Rizzo's complaint against the officers was filed more than two years after the statute of limitations had expired on his federal claims.

Rizzo's claims under Illinois law are subject to different statutes of limitation and accrual rules. The Illinois Local Governmental and Governmental Employees Tort Immunity Act provides that:

> No civil action other than an action [relating to patient care] may be commenced in any court against a local entity or any of its employees for

> any injury unless it is commenced *within one year from the date that the injury was received or the cause of action accrued.*

745 Ill. Comp. Stat. § 10/8-101(a) (emphasis added). Under Illinois law, "[a] false arrest claim accrues on the day of the arrest." *Daniel v. City of Matteson*, No. 09 C 3171, 2010 WL 438387, at *2 (N.D. Ill. Feb. 4, 2010) (applying Illinois law). A claim for unlawful seizure of property, however, accrues when judicial proceedings establishing the plaintiff's right to the property are resolved in the plaintiff's favor. *Gates v. Towery*, 435 F.Supp.2d 794, 801 (N.D. Ill. 2006) (applying Illinois law). Similarly, "[a] cause of action for malicious prosecution does not accrue until the criminal proceeding on which it is based has been terminated in the plaintiff's favor." *Ferguson v. City of Chi.*, 820 N.E.2d 455, 459 (Ill. 2004).

Pursuant to the above, Rizzo's state law claim for unlawful arrest accrued on July 16, 2001, and expired on July 16, 2002. Rizzo's causes of action for unlawful seizure of his bicycle and malicious prosecution accrued on September 12, 2001, and expired on September 12, 2002. Rizzo's state law claims are therefore untimely, having been filed against the Officers several months after the statutes of limitation had run.[4] (Doc. No. 13.)

**B.     Relation Back**

Rizzo does not seriously contest that his complaint against the Officers is untimely. Instead, Rizzo argues that it relates back to his initial complaint against the Wheaton Police Department, by operation of Federal Rule of Civil Procedure

---

[4]     Rizzo suggests that his failure to file a timely complaint naming the Officers was the result of his *pro se* status, and that the lateness of his amended complaint should be excused. There is no legal basis for such an exception to the rules. A *pro se* plaintiff's pleadings should be liberally construed, "but this doctrine concerns the substantive sufficiency of allegations and not preliminary steps such as identifying and serving defendants." *Myles v. U.S.*, 416 F.3d 551, 552 (7th Cir. 2005). A *pro se* plaintiff's failure to file a timely complaint "do[es] not justify exposing potential adversaries to open-ended risk of liability." *Id.*

15(c)(1)(C).[5] The Officers argue that Rizzo has failed to adduce any evidence that the Officers received sufficient notice of the action against the Wheaton Police Department within the time limit imposed by Rules 15(c)(1)(C) and 4(m). The court agrees with the Officers.

> Rule 15(c)(1)(C) provides that:
>
> An amendment to a pleading relates back to the date of the original pleading when: …
>
> the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B)[6] is satisfied and if, *within the period provided by Rule 4(m) for serving the summons and complaint*, the party to be brought in by amendment:
>
> > (i) *received such notice of the action that it will not be prejudiced in defending on the merits*; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(C)(1) (emphasis added). Under Rule 4(m), the plaintiff must serve the defendant with a summons and copy of the complaint within 120 days after filing the complaint. Fed. R. Civ. P. 4(m).

"[I]t is the plaintiff's burden to demonstrate that an amendment relates back to a timely-filed complaint." *Irvin v. City of Chi.*, No. 07 C 1207, 2007 WL 3037051, at *4 (N.D. Ill. Oct. 15, 2007) (citing *Farrell v. McDonough*, 966 F.2d 279, 282-83 (7th Cir. 1992)). In order to survive summary judgment, therefore, Rizzo must adduce evidence

---

[5] Rizzo's relation back argument applies only to his section 1983 claims. In order for an amended complaint to relate back, there must be some prior timely complaint to relate back to. Because the state law claims all expired before Rizzo filed his complaint against the Wheaton Police Department, Rule 15(c) is unavailing for those causes of action.

[6] Rule 15(c)(1)(B) requires that "the amendment assert[ ] a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." It is undisputed that the claims set forth in the complaint against the Officers arise out of the same conduct, transactions, or occurrences as the claims set forth in the complaint against the Wheaton Police Department.

that the Officers had notice of the lawsuit against the Wheaton Police Department within 120 days after Rizzo filed the initial complaint. *See, e.g., Farrell*, 966 F.2d at 282-83 (affirming summary judgment for defendant where plaintiff failed to adduce evidence that individual defendants received timely notice of 1983 action against government entity); *Mosely v. Bd. of Educ. of City of Chi.*, No. 03 C 4915, 2009 WL 2448608, at *1-2 (N.D. Ill. Aug. 5, 2009) (granting summary judgment for defendant where plaintiff failed to adduce evidence that individual defendants received timely notice of 1983 action against government entity).

Rizzo has failed to adduce any such evidence. Rizzo states in a conclusory fashion that "the defendants received the Complaint" (Doc. No. 114), but there are no affidavits, deposition transcripts, returns of service, or other evidence to support that assertion. (*See* Doc. Nos. 64, 83, 114.) Indeed, the docket does not reflect (and Rizzo does not maintain) that Rizzo attempted to serve the Officers until long after the amended complaint was on file. Rizzo has therefore failed to meet his burden of production on the issue of adequate notice.[7] Accordingly, the Officers' motion for summary judgment is granted and Rizzo's claims are dismissed with prejudice.[8]

### IV. CONCLUSION

---

[7] Rizzo argues that the statute of limitations was tolled by his application for leave to proceed *in forma pauperis*. Rizzo is correct that such an application tolls the time for service under Rule 4(m) (and, by extension, the statute of limitations), but the clock starts running again once leave has been granted. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 558 n.5 (7th Cir. 1996). The court granted Rizzo's application to proceed *in forma pauperis* on September 4, 2003 (Doc. No. 6), giving Rizzo until January 2, 2004 to serve a summons and copy of the initial complaint. As set forth above, however, there is no evidence that the Officers had notice of the action until after the amended complaint was filed on February 13, 2004. The fact that Rizzo filed multiple applications to proceed *in forma pauperis* (all of which were denied as moot) (Doc. Nos. 8, 18, 38) does not toll the statute of limitations further.

[8] The conjunctive nature of the Rule 15(c)(1)'s relation back test means that the court need not address the question of whether Rizzo's initial complaint qualifies as a "mistake" under Rule 15(c) or whether the Officers know or should have known that they would have been the defendants but for the mistake.

For the reasons stated above, the court grants the Officers' motion for summary judgment.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: May 17, 2010